## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 22 2017, 6:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Yvette M. LaPlante<br>Keating and LaPlante, LLP<br>Evansville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Ian McLean<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon Artis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 22, 2017<br><br>Court of Appeals Case No.<br>82A05-1608-CR-1747<br><br>Appeal from the Vanderburgh Circuit Court<br><br>The Honorable Michael J. Cox, Magistrate<br><br>Trial Court Cause No.<br>82C01-1604-F4-2033 |

**Bailey, Judge.**

# Case Summary

Brandon Artis ("Artis") appeals his conviction for Unlawful Possession of a Firearm by a Serious Violent Felon, a Level 4 felony.[1] He presents the sole issue of whether sufficient evidence supports the conviction. We affirm.

# Facts and Procedural History

On April 6, 2016, Evansville Police Department officers were dispatched to a residential neighborhood after someone reported suspected drug odors emanating from a parked black truck. The caller had also indicated that the truck occupants were blaring loud music.

Officers Herbert Adams and Michael Beitler located a truck meeting the caller's description. As the officers approached, two passengers exited and walked away from the truck. Officer Beitler attempted to speak to the men, but they refused to engage in conversation. They walked to a nearby residence and watched the officers from the window.

Officer Adams approached the black vehicle, where he saw Artis sitting in the driver's seat. Artis opened the driver's side door, and a conversation ensued. Artis stated that he and his companions had been listening to music. In response to the officer's questions, Artis replied that the truck was not his and

---

[1] Ind. Code § 35-47-4-5.

that he did not have a driver's license. He refused permission to search the vehicle.

[5] One of the officers advised Artis that the vehicle was illegally parked, and it would probably need to be towed. Artis was told that he could "head off and leave the keys." (Tr. at 49.) Alternatively, the officer suggested that Artis could "go in there and find the owner," who would then be asked to consent to a search. (Tr. at 49.) An unidentified woman appeared and offered to allow Artis to "leave [the truck] right here." (Tr. at 51.) However, she also denied ownership of the truck.

[6] At some point during the encounter, Officer Beitler saw a Ruger .45 caliber pistol under the driver's seat. He alerted other officers, and Artis was arrested. Inside Artis's right front jacket pocket was a magazine compatible with a Ruger .45 caliber pistol.

[7] On June 15, 2016, Artis was brought to trial on a charge of Unlawful Possession of a Firearm by a Serious Violent Felon. At the conclusion of the first stage of the bifurcated proceedings, a jury found that Artis had possessed a firearm. He then admitted that he is a serious violent felon, having previously been convicted of armed robbery. The trial court entered judgment and sentenced Artis to six years imprisonment. Artis now appeals.

# Discussion and Decision

[8]     Indiana Code Section 35-47-4-5(c) provides: "A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Level 4 felony."  Artis claims that the State failed to establish, beyond a reasonable doubt, that he knowingly or intentionally possessed the handgun.

[9]     When reviewing the sufficiency of the evidence to support a criminal conviction, we do not reweigh the evidence or judge witness credibility. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).  Considering only the evidence supporting the verdict and any reasonable inferences to be drawn therefrom, we will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt.  *Id.*

[10]    The possession of contraband may be characterized as either actual or constructive.  *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999).  Actual possession occurs when a person has direct physical control over the item and constructive possession occurs when someone has the intent and capability to maintain dominion and control over the item.  *Id.*  Here, the State asserted that Artis constructively possessed the handgun found under the driver's seat where he was seated.  When constructive possession is asserted, the State must demonstrate the defendant's knowledge of the contraband.  *Id.*

[11]    Proof of dominion and control of contraband has been found through such means as:  (1) incriminating statements made by a defendant, (2) attempted

flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant. *Id.* at 836.

Here, officers testified to the following circumstances. Artis was sitting in the driver's seat of the black truck as officers approached. A Ruger .45 caliber pistol was visible from underneath the driver's seat of that vehicle. A magazine, compatible with a Ruger .45 caliber pistol, was found in Artis's right front jacket pocket. Inside the black truck were items of Artis's clothing and his identification card. Sufficient evidence was presented from which the jury could reasonably have concluded that Artis constructively possessed the handgun.

# Conclusion

Artis's conviction is supported by sufficient evidence.

Affirmed.

Najam, J., and May, J., concur.